IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DWAYNE DION BACON                          :

    Plaintiff                              :

v                                          :       Civil Action No. AW-06-1678
                                                                  (Consolidated Case: AW-06-1679)
MR. WRIGHT and                             :
MRS. MORTON
                                           :
    Defendants
                                           o0o

## **MEMORANDUM**

Pending in the above-captioned civil rights case is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 10. On September 26, 2006, Plaintiff filed a Response in Opposition to the motion. Paper No. 13. Defendants filed a Reply on October 10, 2006. Paper No. 14. Upon review of the papers filed, this court finds a hearing in this matter to be unnecessary. For the reasons that follow Defendants' Motion to Dismiss or for Summary Judgment, construed as a Motion for Summary Judgment, shall be granted.

### **Background**

The Complaint concerns an alleged injury to Plaintiff's hand while he was incarcerated as a pre-trial detainee at the Howard County Detention Center.[1] Plaintiff claims that on December 10, 2003, at approximately 10:55 p.m., he was standing at his cell door talking to another inmate with his right hand resting on the bars. Paper No. 1 at p. 4. He alleges that the door suddenly flew open and caught his right wrist between the latch and the door. *Id*. Plaintiff states that another inmate tried to assist him in getting the door to open and release his hand but the door was jammed. *Id*. Plaintiff claims that Defendant Wright was operating the door at the

---

[1] Currently, Plaintiff is incarcerated at Maryland Correctional Institution at Hagerstown.

time and when he heard "everybody yelling" he closed Plaintiff's cell door so he could get his hand free from the door. *Id*. at p. 5.  Plaintiff states that he complained to Wright about his hand hurting and he was told to lock into his cell and that he would be taken to the medical unit after the count. *Id*.  Plaintiff claims, however, that Wright left at the end of his shift without insuring that Plaintiff received medical attention. *Id*.

Plaintiff claims that the following day, December 11, 2003, he filed a grievance about having his hand caught in the cell door and not receiving medical attention for the injury. Paper No. 4 at p. 4.  He alleges that he handed the grievance to Defendant Morton who asked to see Plaintiff's hand. *Id*.  Upon seeing Plaintiff's hand, Morton allegedly told him nothing was wrong with his hand and that he would need to cry before anyone believed him. *Id*.  Plaintiff claims he begged to be sent to the medical unit, but Morton simply laughed in response. *Id*.

Defendants assert that there are no notations in the housing unit log book regarding an injury to Plaintiff's hand or a need to send him to the medical unit.  Paper No. 10 at Ex. 5.  They assert that the log books are detailed accounts of even the most mundane occurrences in the housing unit and the absence of any notation regarding Plaintiff's hand suggests it did not occur the way Plaintiff describes. *Id*. at p. 4.  Assuming Plaintiff's hand was closed in the door, however, Defendants assert that the injury sustained was not serious and the actions taken in response to his complaints was not deliberate indifference.

**Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party.  *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  *See Anderson*, 477 U.S. at 256.

**Analysis**

Plaintiff's claim, liberally construed, is that his Fourteenth Amendment rights were violated when he was not provided with medical treatment for the injury to his hand.  The constitutional protections afforded to a pre-trial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment.  *See Bell v.*

*Wolfish*, 441 U.S. 520, 535 (1979). "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) *citing Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988). *See also Riley v. Dorton*, 115 F. 3d 1159, 1167 (4th Cir. 1997) (Pre-trial detainee's Fourteenth Amendment right with respect to excessive force is similar to prisoner's Eighth Amendment right, both require more than *de minimus* injury).

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious

medical condition. *Farmer*, 511 U.S. at 839– 40.  "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997).   "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virgiinia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995) *quoting Farmer* 511 U.S. at 844.   If the requisite subjective knowledge is established, an official may avoid liability  "if [he] responded reasonably to the risk, even if the harm was not ultimately averted. *Farmer*, 511 U.S. at 844.  Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time.  *Brown v. Harris*,  240 F. 3d 383, 390 (4th Cir. 2000); *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

"Section 1983 liability on the part of the supervisory defendants requires a showing that: (1) the supervisory defendants failed promptly to provide an inmate with needed medical care, (2) that the supervisory defendants deliberately interfered with the prison doctors' performance, or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." *Miltier v. Beorn*, 896 F. 2d at 854 (internal citations omitted); *see also Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984) (supervisory liability for an inmate's beating by prison guards).

In the instant case, it is undisputed Plaintiff did not receive medical attention for his injury until December 12, 2003.  Although Plaintiff disputes the allegation that he did not report his injury on the night it occurred, he does not dispute the fact that he did not request medical

5

treatment again until after 4:00 p.m. on December 11, 2003. Paper No. 10 at Ex. 8. When Plaintiff reported his injury to Morton he told her it had occurred the night before and there was no discernible evidence that his hand was seriously injured. *Id*. When Plaintiff was seen by medical staff it was noted that he was in moderate pain and there was no swelling or redness on his hand. *Id*. at Ex. 9. Upon examination, Plaintiff's hand was splinted, ibuprofen was prescribed for pain, and he was taken to a hospital for an x-ray. *Id*. When the x-ray revealed a fracture to Plaintiff's hand, the treatment plan of immobilization and anti-inflammatory medication did not change and a recommendation for follow-up in six weeks was made. *Id*. The fracture was healed on January 30, 2004 when Plaintiff returned for a follow-up appointment. *Id*. The evidence presented suggests that Plaintiff's injury was not so severe or serious that a lay person would have recognized the need for immediate medical attention. Indeed, the injury was apparently not severe enough to prevent Plaintiff from attending his recreational period on the morning after the injury, nor was it painful enough to require a repeated request for medical attention until after 4:00 p.m. the following day. *See* Paper No. 10 at Ex. 7, p. 12.

## Conclusion

In light of the undisputed facts and the absence of any genuine dispute of material fact, it is clear that Defendants are entitled to summary judgment in their favor. A separate Order granting the motion for summary judgment follows.


Date: October 16, 2006                         /s/
                                      Alexander Williams, Jr.
                                      United States District Judge